IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY G. CAMPBELL,

     Plaintiff,       No. CIV S-09-1613 GGH P[1]

     vs.

KATHLEEN L. DICKINSON, et al.,

     Defendants.     <u>ORDER</u>

_____/

   Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of the undersigned. See Docket # 5, plaintiff's consent filed on June 22, 2009. By order filed September 28, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff filed an amended complaint on October 23, 3009, and filed a second amended complaint on December 4, 2009; thus, the second amended complaint supersedes the amended complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).

   The second amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) for plaintiff's claims of violations of the Eighth

---

[1] The only appearing party at this time, plaintiff, has consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). Thus, the determinations herein are made by order.

1

Amendment and the ADA[2] for money damages and injunctive relief. However, to the extent he makes claims of violations of the ADA against any individual defendant, such claims may proceed only to the extent that plaintiff seeks injunctive relief and has sued such individual defendant in an official capacity. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).[3] In addition, plaintiff's conspiracy claims are dismissed because they are "[v]ague and conclusory allegations of official participation in civil rights violations...." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992); Lockary v. Kayfetz, 587 F. Supp. 631 (N. D. Cal. 1984) (conspiracy allegations must be supported by material facts and not be merely conclusory statements). Plaintiff has failed to make the requisite showing of an agreement or a meeting of the minds on the part of defendants to conspire to violate his constitutional rights. Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989), citing Fonda v. Gray, 707 F.2d 435 (9th Cir. 1983).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's claims of conspiracy are dismissed; his claims of violations of the ADA against any individual defendant may proceed only to the extent such defendant is sued in an official capacity for prospective injunctive relief.

\\\\\
\\\\\
\\\\\
\\\\\
\\\\\

---

[2] Americans with Disabilities Act.

[3] Plaintiff was previously informed that he may not proceed on a claim of money damages pursuant to the ADA against defendants in their individual capacities. Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001). See Order, filed on Sept. 28, 2009 (Docket # 6), p. 3.

2. Service is appropriate for the following defendants: California Department of Corrections and Rehabilitation (CDCR)[4]; CDCR Secretary Matthew Cate[5]; Warden Kathleen Dickinson; Associate Warden Vicky Flandi; Assoc. Warden E.A. Mitchell; Assoc. Warden R. Perez; Captain Moreno; Chief Engineer Greg Block; Chief Deputy Warden Clinical Services Dr. Joseph Bick; Sergeant J. Barclay;

3. The Clerk of the Court shall send plaintiff ten (10) USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint filed December 4, 2009 (Docket # 10).

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 2 above; and

    d. Eleven (11) copies of the endorsed amended complaint filed December 4, 2009 (Docket # 10).

\\\\\
\\\\\
\\\\\
\\\\\

---

[4] To the extent that plaintiff seeks to allege violations of the Americans with Disabilities Act (ADA) against the State of California separately from the California Department of Corrections and Rehabilitation (CDCR), the court finds that all claims against the state are subsumed within the claims against the state entity, CDCR, and that naming the State of California as well as a defendant is simply redundant.

[5] In naming the "Director of Corrections" as a defendant for ADA violations, it is presumed that plaintiff intended to identify CDCR Secretary Cate and to proceed against him only in an official capacity for injunctive relief.

5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: April 1, 2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

GGH:009
camp1613.2am

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY G. CAMPBELL,

      Plaintiff,                    No. CIV S-09-1613 GGH P

    vs.

KATHLEEN L. DICKINSON, et al.,        NOTICE OF SUBMISSION

      Defendants.                   OF DOCUMENTS

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      __1__      completed summons form

      __10__      completed USM-285 forms

      __11__      copies of the _December 4, 2009_
                                    Second Amended Complaint

DATED:

                                                      _____
                                                      Plaintiff